## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| VENUS INVESTMENTS, INC.,<br>　　Plaintiff, | Case No.:<br>Honorable<br>Magistrate |
| v. | |
| WEXLER INSURANCE AGENCY, INC.,<br>and GARY WASSERMAN, | Removed From:<br>Macomb County Circuit Court<br>Case No.: 19-000577-CB |
| 　　Defendants. | Hon. Kathryn A. Viviano |

## NOTICE OF REMOVAL FROM STATE COURT

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Macomb, in the State of Michigan, is hereby removed by Defendants, Wexler Insurance Agency, Inc. and Gary Wasserman, to the United States District Court for the Eastern District of Michigan, Southern Division, by the filing of this Notice of Removal. As grounds for removal, Defendants state as follows:

1.　　On or about February 12, 2019, Plaintiff, Venus Investments, Inc., filed suit in the Macomb County Circuit Court, State of Michigan, in a case entitled *Venus*

*Investments, Inc. v. Wexler Insurance Company, Inc. and Gary Wasserman*, Case No.: 19-000577-CB ("the State Court Action.").

2. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all the process and pleadings received by Defendants in the State Court Action are attached hereto as **Exhibit 1**.

3. This matter was filed on February 12, 2019, and Defendants first received a copy of the Summons and Complaint when the Complaint was served on February 19, 2019.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days after Defendants' receipt of the Summons and Complaint.

5. All Defendants join in and consent to the removal of the action.

6. This Court is the District and Division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Circuit Court for the County of Macomb is located in the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102(a)(1).

7. This action is removable to this Court under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8. This Court has original diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

9. <u>Plaintiff</u>: Plaintiff is a corporation. A corporation is considered a citizen of the State in which it has been incorporated, and the State in which it has its principal place of business. § 1332(c)(1). The principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," and is typically located at the corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81; 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010). In this case, Plaintiff alleges in its Complaint that it is incorporated in the State of Michigan. *See* **Exhibit 1**, Complaint, ¶ 1. Therefore, Plaintiff is a citizen of Michigan.

10. <u>Defendants</u>: For purposes of diversity jurisdiction, a person is a "citizen" of the State in which he or she is domiciled. For an individual, "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48; 109 S. Ct. 1597; 104 L. Ed. 2d 29 (1989). Mr. Wasserman is domiciled in Florida, where he currently resides and intends to remain.

*See* Complaint, ¶ 3. In addition, and as Plaintiff accurately recognizes in the Complaint, Wexler Insurance Agency, Inc. is a Florida corporation and has its principal place of business in Florida. *See id.*, ¶ 2. Therefore, both Defendants are domiciled in Florida.

11. Based on the above, complete diversity exists between Plaintiff and Defendants.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. Pursuant to L.R. 81.1 and § 1332(a), the amount alleged to be in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, in its Complaint, Plaintiff alleges that one of its employees embezzled over $594,000 from Plaintiff, and Plaintiff attributes this loss to Defendants. *See* Complaint, ¶¶ 23, 32-34. Therefore, the amount in controversy exceeds the jurisdictional limit.

13. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in its favor for any amount of damages.

14. A Notice of Filing of Removal and a copy of this Notice of Removal from State Court will be filed with the Macomb County Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d). *See* **Exhibit 2**. Copies of the same will be served upon all counsel of record upon the filing of this Notice.

WHEREFORE, Defendants hereby remove the State Court Action from the Macomb County Circuit Court, State of Michigan, to this Honorable Court, and request that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

                                        Respectfully submitted,

                                        MADDIN HAUSER ROTH & HELLER, P.C.

                                        */s/ Thomas W. Werner*
                                        By:    Thomas W. Werner (P67492)
                                                         Mary C. Aretha (P78825)
                                        *Attorneys for Defendants*
                                        28400 Northwestern Hwy., Second Floor
                                        Southfield, MI 48034
                                        (248) 354-4030
                                        twerner@maddinhauser.com

Dated: March 19, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2019**,** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.  In addition, I served the foregoing paper via U.S. Mail to:

James E. DeLine, Esq.<br>
Broc Gullett, Esq.<br>
KERR, RUSSELL AND WEBER, PLC<br>
500 Woodward Avenue, Suite 2500<br>
Detroit, MI  48226

**I DECLARE THAT THE FOREGOING STATEMENT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

By: */s/ Thomas W. Werner*
Thomas W. Werner (P67492)
*Attorneys for Wexler Insurance Company, Inc.*