# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

VENUS INVESTMENTS, INC.,

   Plaintiff,

v.

WEXLER INSURANCE AGENCY, INC., and
GARY WASSERMAN,

   Defendants.

Case No. 2019-000577-CB
Hon. KATHRYN A. VIVIANO

_RECEIVED FEB 1 2 2019 FRED MILLER Macomb County Clerk_

_____/

James E. DeLine (P45205)
Broc Gullett (P80962)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Plaintiff
500 Woodward Ave., Ste. 2500
Detroit, MI 48226
(313) 961-0200
jdeline@kerr-russell.com

_____/

Pursuant to MCL 600.8031 and MCR 2.112(O)(1), this case involves a business or commercial dispute and meets the statutory requirements to be assigned to the business court.
A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has previously been filed in this Court, where it was given docket number 2017-004658-CK and was assigned to Judge Kathryn A. Viviano. The action is no longer pending.

## COMPLAINT AND JURY DEMAND

Plaintiff, Venus Investments, Inc. ("Venus"), for its Complaint against Defendants, Wexler Insurance Agency, Inc. and Gary Wasserman, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    Venus is a Michigan corporation that operates a pawnshop in Macomb County, Michigan, under the assumed name The Cash Exchange.

{38304/4/D1339859.DOCX;2}    1

2. Wexler Insurance Agency, Inc. ("Wexler") is, upon information and belief, a Florida corporation that maintains an office in Coral Gables, Florida.

3. Gary Wasserman is an individual who, upon information and belief, resides in Florida and was at all relevant times an agent and/or employee of Wexler.

4. Defendants are in the business of contracting to insure persons, property, and/or risks located within Michigan.

5. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

6. Jurisdiction and venue are proper in this court.

## FACTUAL BACKGROUND

7. Plaintiff owns and operates a pawnshop in Macomb County, Michigan.

8. As part of its regular business, Plaintiff employs individuals who facilitate transactions involving significant amounts of cash and handle cash and valuable goods on a daily basis.

9. To protect its business from catastrophic loss, Plaintiff engaged Defendants to advise and assist it with the procurement of commercial pawnbroker's insurance.

10. Defendants served as Plaintiff's exclusive, trusted insurance agent for at least twenty years beginning in the 1990s until 2019.

11. From time to time over the past twenty years, Defendants provided Plaintiff advice and recommendations regarding insurance policies, coverages, deductibles, and limits appropriate

for Plaintiff's business, and Plaintiff relied on Defendants' advice and recommendations.

12. At all relevant times, Defendants were aware of the nature of Plaintiff's business as a pawnshop and the aggregate amounts of cash and valuables handled annually by Plaintiff's employees in transactions with customers.

13. During their relationship, including in 2016 and 2017, Plaintiff directed Defendants to procure appropriate insurance for its benefit to protect its business from catastrophic loss, including theft.

14. In 2016 and again in 2017, Defendants presented Plaintiff with written quotes (the "Quotes") for comprehensive pawnbrokers insurance through Lloyd's of London ("Lloyd's"). A copy of the Quotes are in Defendants' possession.

15. Defendants also provided Plaintiff with written application forms and assisted Plaintiff in applying for pawnbrokers insurance for the 2016-2017 policy year and the 2017-2018 policy year (the "Applications"). A copy of the Applications are in Defendants' possession.

16. Plaintiff provided Defendants with specific financial and other information about Plaintiff's business as part of the Applications.

17. In return, Defendants provided their advice and recommendations to Plaintiff regarding the coverages, deductibles, and limits appropriate for Plaintiff and generally assisted Plaintiff in completing the Applications.

18. Plaintiff relied on Defendants' skill, experience, and expertise to determine the appropriate coverages, deductibles, and limits for Plaintiff's needs and to procure necessary insurance coverage to guard against losses.

19. As a result of the Quotes and the Applications, Defendants procured insurance for Plaintiff through Lloyd's, namely Certain Underwriters at Lloyd's of London Subscribing to Policy Number SS0001815/1008 and Policy Number SS0001816/1141 (the "Policies"). A copy of the Policies are in Defendants' possession.

20. The Policies each included an employee dishonesty endorsement with limits of $50,000 for any one occurrence involving covered property including money, up to a total combined limit of $80,000 USD, and a deductible of $5,000.

21. Defendants represented to Plaintiff that the Policies were appropriate to protect Plaintiff from the risks associated with operating its business, including the risks of monetary losses that could occur from employee theft, dishonesty, and forgery.

22. Plaintiff subsequently paid insurance premiums in reliance on Defendants' representations and assurances that adequate and appropriate insurance had been procured.

23. In July of 2017, Plaintiff discovered a theft of cash by an employee who forged documents and embezzled over $594,000 from Plaintiff during the course of his employment (the "Loss").

24. Plaintiff timely reported the Loss to Defendants and/or Lloyd's.

25. The Loss far exceeded the limits of liability contained within the Policies.

26. Lloyd's initially denied Plaintiff's claims under the Policies, which resulted in Plaintiff filing a lawsuit against Lloyd's in this Court, Case No. 2017-004658-CK, to enforce the Policies (the "Lloyd's Lawsuit").

27. The Lloyd's Lawsuit was settled for an amount far less than the Loss.

## COUNT I - NEGLIGENCE

28. Plaintiff incorporates by reference the allegations made in the preceding paragraphs.

29. At all relevant times, Defendants, serving as Plaintiff's insurance agent, held out and represented themselves as specialists in the field of insurance.

30. Plaintiff relied on Defendants' knowledge, skill, and expertise in determining the insurance coverages, deductibles, and limits appropriate for Plaintiff, including proper and appropriate levels of coverage for the risks of monetary losses that could occur from employee theft, dishonesty and forgery.

31. Defendants had a special relationship with Plaintiff and thus owed a duty to Plaintiff to exercise reasonable skill, care, and diligence to procure the requested pawnbrokers insurance with coverages, limits, and deductibles appropriate for Plaintiff.

32. Defendants breached their duties to Plaintiff by negligently failing to procure insurance coverage appropriate for the risks associated with Plaintiff's business and by failing to procure adequate insurance coverage for the Loss.

33. Had Defendants correctly and timely obtained the appropriate coverages as requested and needed by Plaintiff, Plaintiff would have been fully insured for the Loss.

34. Defendants' negligence proximately caused Plaintiff to incur damages as a result of the Policies being grossly inadequate to cover the Loss.

35. Plaintiff has suffered damages in excess of $25,000 resulting from Defendants' negligence.

WHEREFORE, Plaintiff prays for this Honorable Court to enter a Judgment in favor of Plaintiff, and against Defendants, jointly and severally, in the amount necessary to fully

compensate Plaintiff for the Loss, plus any attorney fees, court cost, and other collection costs, including lost use of the funds, interest, and incidental and consequential damages and any other legal or equitable relief this Court deems just and proper.

                                            KERR, RUSSELL AND WEBER, PLC

                                            By: _____
                                                James E. DeLine (P45205)
                                                Broc Gullett (P80962)
                                            Attorneys for Plaintiff
                                            500 Woodward Avenue, Ste. 2500
                                            Detroit, MI 48226
                                            (313) 961-0200
                                            jdeline@kerr-russell.com
                                            bgullett@kerr-russell.com

Dated: February 12, 2019

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

VENUS INVESTMENTS, INC.,

   Plaintiff,

v.

WEXLER INSURANCE AGENCY, INC., and
GARY WASSERMAN,

   Defendants.

Case No. 2019-000577-CB
Hon. KATHRYN A. VIVIANO

_____/

James E. DeLine (P45205)
Broc Gullett (P80962)
KERR, RUSSELL AND WEBER, PLC
Attorneys for Plaintiff
500 Woodward Ave., Ste. 2500
Detroit, MI 48226
(313) 961-0200
jdeline@kerr-russell.com

RECEIVED
FEB 12 2019
FRED MILLER
Macomb County Clerk

## JURY DEMAND

NOW COMES Plaintiff and hereby demands a trial by jury for all issues triable by jury in the within action.

                     Respectfully submitted,

                     KERR, RUSSELL AND WEBER, PLC

                     By: /s/ James E. Deline
                     James E. Deline (P45205)
                     F. Broc Gullett (P80962)
                     Attorneys for Plaintiff
                     500 Woodward Avenue, Suite 2500
                     Detroit, MI 48226
                     (313) 961-0200
                     Jdeline@kerr-russell.com
                     bgullett@kerr-russell.com

February 12, 2019



# FRED MILLER

Chief Deputy Clerk

## Macomb County
## Clerk / Register of Deeds

Deputy Register of Deeds

TO: Court Customer

FROM: Macomb County Clerk / Register of Deeds

CIRCUIT COURT CASE NO: 2019-000577-CB

CASE CAPTION:

This is to inform you that the above mentioned case is deemed an eFiling case Pursuant to Administrative Order No. 2010-06.

It is MANDATORY that all further filings in this matter are to be filed electronically through the court's eFiling website at:

https://mifile.courts.michigan.gov

Registration instructions, filing instructions, the administrative order and frequently asked questions can be found on the court's website at:

http://circuitcourt.macombgov.org/circuitcourt-efiling

All parties must register with the court and opposing parties one email address for service. Service will be provided electronically to this email address. All parties must also register this email address with the TruFiling e-filing system. Each individual bears the responsibility for the accuracy of the registered email address.

For truefiling technical support. Please call 1-855-959-8868 or send an email to support@truefiling.com.

It is required that you serve this notification to all parties when perfecting service on the complaint. Also if you have not previously provided your email address to our office when submitting documents for filing, it is now required that you furnish it in order for us to update our records accordingly.

> If you need help in submitting your filing electronically, assistance is available in the Circuit Court Law Library located on the 5th Floor. Computers, scanners and staff are available to assist you during normal business hours 8 a.m - 4:30 p.m.

**Clerk's Office**
40 North Main Street, 1st Floor, Mount Clemens, MI 48043
586-469-5120, clerksoffice@macombgov.org
clerk.macombgov.org

**Register of Deeds**
32 Market Street, Mount Clemens, MI 48043
586-469-7953, registerofdeeds@macombgov.org
rod.macombgov.org

Original – Court

| STATE OF MICHIGAN<br>16th JUDICIAL CIRCUIT<br>COUNTY OF MACOMB | NOTICE OF ASSIGNMENT TO THE<br>BUSINESS COURT | CASE NO. 19-<br>2019-000577-CB |
|---|---|---|

Court address: 40 N. Main St. Mt. Clemens, MI 48043    Court telephone no. 586-469-5208

| Plaintiff's name(s), address(es), and telephone number(s)<br>VENUS INVESTMENTS, INC. | v | Defendant's name(s), address(es), and telephone number(s)<br>WEXLER INSURANCE AGENCY, INC. and GARY WASSERMAN |
|---|---|---|
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Broc Gullett (P80962)<br>KERR, RUSSELL AND WEBER, PLC<br>500 Woodward Ave, Suite 2500 Detroit, MI 48226<br>(313) 961-0200 (313) 961-0388 (FAX) | | Defendant's attorney, bar no., address, telephone no., and email address |

RECEIVED FEB 12 2019 FRED MILLER Macomb County Clerk

The ☒ Plaintiff ☐ Defendant requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031 as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined at MCL 600.8031(c): as
- ☐ All of the parties are business enterprises;
- ☒ One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships;
- ☐ One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances;
- ☐ It involves the sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.

The business or commercial dispute involves:
- ☐ Information technology, software, or website development, maintenance or hosting;
- ☐ The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;
- ☒ Contractual agreements or other business dealing, including licensing, trade secrets, intellectual property, antitrust issues, securities, non-compete agreements, non-solicitation agreements, and confidentiality agreements, if all available administrative remedies are completely exhausted, including, but not limited to alternative dispute resolution processes prescribed in the agreements;
- ☐ Commercial transactions, including commercial bank transactions;
- ☒ Business or commercial insurance policies; and/or
- ☐ Commercial real property.
- ☐ Other:(Please explain)

02/12/2019
Date

Name

Attorney for: Plaintiff

NOTICE OF ASSIGNMENT TO THE BUSINESS COURT

**Michelle Garcia**

| | |
|---|---|
| From: | SOP@cogencyglobal.com |
| Sent: | Tuesday, February 19, 2019 1:42 PM |
| To: | Michelle Garcia |
| Subject: | Service of Process for Entity: WEXLER INSURANCE AGENCY, INC. |



## NOTICE OF SERVICE OF PROCESS

**Entity Served:** WEXLER INSURANCE AGENCY, INC.
**Received in:** Michigan

COGENCY GLOBAL INC. has received the enclosed document on behalf of the above named entity. As the appointed registered agent or agent for service of process for the entity, we are forwarding the document to you. By clicking the **"Retrieve Document"** button you acknowledge the receipt of this service of process on behalf of the entity listed.

| | |
|---|---|
| **Client Group:** | WEXLER INSURANCE AGENCY INC. |
| **SOP Number:** | SP639386 |
| **Document Type:** | Summons & Complaint |
| **Date of Service:** | 2/19/2019 |
| **Service Method:** | Certified Mail |
| **Court:** | In The 16th Judicial Circuit, Michigan |
| **Document Caption:** | Venus Investments, Inc vs. WEXLER INSURANCE AGENCY, INC. |
| **Case Number:** | 2019-000577-CB |
| **Original to Follow:** | Yes |
| **Original Being Sent To:** | Michelle Garcia |
| | Wexler Insurance Agency Inc |
| | 1120 Ponce De Leon Blvd. |
| | Coral Gables, FL 33134 |
| **Delivery Method:** | FedEx |
| **Tracking Number:** | 774504818254 |

**Click Here to Retrieve Document**

## Important Reminders

1

The above link is valid until 02/26/2019 at 11:59pm EST. The document is also available for viewing at www.entitycentral.com. If you have any questions or concerns, please contact us at SOP@COGENCYGLOBAL.COM or 866.621.3524.

*This notice and, if applicable, document link (together, the "Notice") is being sent to, and is intended for, the contact designated in COGENCY GLOBAL INC.'s records to receive service of process. We are not responsible for any loss, injury, claim, liability, or damage arising from your use of or reliance on the information contained within the Notice, including, but not limited to, any error or omission in the information contained within the Notice or from any subsequent transmission or third-party access to the Notice. This Notice should be reviewed by your legal and/or tax advisors, and questions concerning whether or how to respond to any document received by us on your entity's behalf should be directed to them. The information contained in the transmittal portion of the Notice is solely for informational purposes, is not a substitute for legal or tax advice, and cannot be relied on to provide complete information.*










First Class Mail

7016 2140 0000 5586 0490

**KERR RUSSELL**
Attorneys and Counselors

500 Woodward Avenue | Suite 2500
Detroit, Michigan 48226-3427

Wexler Insurance Company, Inc.
c/o Registered Agent
Cogency Global, Inc.
229 Brookwood Dr., Suite 14
South Lyon, MI 48178

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| STATE OF MICHIGAN<br>16th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | | CASE NO.<br>19- -CB<br>2019-000577-CB |

Court address: 40 N. Main Street, Mount Clemens, MI 48043

Court telephone no.: (586) 469-5208

**Plaintiff's name(s), address(es), and telephone no(s).**
VENUS INVESTMENTS, INC.

v

**Defendant's name(s), address(es), and telephone no(s).**
WEXLER INSURANCE COMPANY, INC.
c/o Registered Agent:
Cogency Global, Inc.
229 Brookwood Drive, Suite 14
South Lyon, MI 48178

**Plaintiff's attorney, bar no., address, and telephone no.**
Broc Gullett (P80962)
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| FEB 12 2019 | MAY 14 2019 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

2019-000577-CB

**SUMMONS**
Case No. 19-_____-CB

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | Signature _____ |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | TOTAL FEE $ | Name (type or print) _____ |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____ Signature: _____
                        Date                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                            Day, date, time
_____ on behalf of _____
Signature